LUCIAN R. BELLAMY, PLAINTIFF-APPELLEE, v. EIMRICH R. WESSELS, DEFENDANT-APPELLANT.

Submitted July 8, 1910—Decided November 3, 1910.

A deed conveying land contained a condition that it was subject to an assessment for a street opening "confirmed January 8th, 1903, should the said assessment be confirmed by the court," of which the grantor and grantee were each to pay one-half. At that time the court had set aside the assessment and ordered a re-assessment. *Held,* that the grantor was bound to pay one-half of the re-assessment for it was a part of the original proceedings, and in effect but a mere revision of the former adjudication.

---

On appeal from the District Court.

Before Justices PARKER and BERGEN.

For the plaintiff, *Clarence Kelsey.*

For the defendant, *Hudspeth & Lane.*

The opinion of the court was delivered by

BERGEN, J. The defendant conveyed to plaintiff four lots in Jersey City, and the deed contained the following condition: "Subject nevertheless to the assessment for Baldwin avenue opening, confirmed January 8th, A. D. 1903, should the said assessment be confirmed by the court, in which case however the parties hereto are to each bear and pay one-half of such assessment." At that time, July 12th, 1904, although unknown to the parties, the Supreme Court had, on June 16th, 1904, set aside the assessment and ordered a re-assessment, which was subsequently made and paid by plaintiff, who brought suit for one-half and had judgment, from which defendant appeals. The ground stated in defendant's specification is "That the defendant covenanted and agreed to pay one-half the assessment in case the same assessment be confirmed by the courts, and not otherwise, yet the judge before whom the above case was tried, disregarded the condition of said covenant and promise, and ordered judgment in favor of the plaintiff, whereas, the said condition not having happened, judgment should have been ordered in favor of the defendant."

The defendant argues that as the original assessment was set aside, his covenant to pay is at an end, that he was only bound upon the happening of a condition, namely, "The confirmation of said assessment by the courts," which has not happened. There is no merit in this argument. The assessment mentioned in the deed referred to an assessment for opening Baldwin avenue, and was manifestly intended to protect the purchaser against one-half of the cost of that improvement which was then chargeable against the land. The conveyance was taken subject to that charge upon condition that defendant pay one-half. The re-assessment ordered

by the court was a part of the original proceeding, and is in effect a mere revision of the adjudication. *Cadmus* v. *Fagan,* 17 *Vroom* 549, 554.

The condition in the deed is a modification of the covenant against encumbrances, and without it the defendant would be bound to pay all of the assessment as re-assessed.

The judgment will be affirmed.